**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUSAN MILLER<br>305 Coronado Ave.<br>Long Beach, CA 90814<br><br>Plaintiff,<br>v.<br><br>DARBY CREEK VALLEY ASSOCIATION<br>P.O. Box 732<br>Drexel Hill, PA 19026<br><br>Defendant. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1. This action has been initiated by Susan Miller (hereinafter referred to as "Plaintiff," unless indicated otherwise) against Darby Creek Valley Association (hereinafter referred to as "Defendant") for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201 *et. seq*.), the Pennsylvania Minimum Wage Act ("PMWA" - 43 P.S. §§ 333.101—333.115) and other applicable state law(s). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as her federal claims set forth herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district; and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, and he has and continues to reside at the above-captioned address.

7. Defendant is a is a 501(c) non-profit environmental organization dedicated to the protection and enhancement of the watershed and its resources, including water, wildlife, historical sites, floodplains, wetlands, and riparian zones.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant on or about January 31, 2017.

11. Throughout her employment with Defendant, Plaintiff was primarily supervised by the President of Defendant, Jaclyn Rhoads (hereinafter "Rhoads").

12. Plaintiff was also supervised by Defendant's Executive Board and Board of Directors.

13. Jaclyn Rhoads, Defendant's Executive Board, and Defendant's Board of Directors are hereinafter collectively referred to as "Defendant's Management."

14. At all times herein, Plaintiff's title with Defendant was "Executive Director."

**Misclassification as an "Independent Contractor"**

15. From the beginning of Plaintiff's employment with Defendant through her separation in May of 2021, Defendant classified Plaintiff as an independent contractor and had her sign an agreement stating that she was an independent contractor.

16. However, notwithstanding the aforesaid contract Plaintiff signed labeling her an "Independent Contractor", she was at all times during her employment with Defendant misclassified as an independent contractor, when in fact she was an "employee," as evidenced by the following:

a. Defendant's Management instructed and/or dictated what Plaintiff needed to work on throughout the week/day;

b. Plaintiff reported to Defendant's Management;

c. Plaintiff was given an email address identifying her as an employee of Defendant;

d. Plaintiff's email signature line identified her as an employee of Defendant;

e. Plaintiff's name appeared on Defendant's website as an employee of Defendant;

f. Plaintiff was listed as an "Officer" in Defendant's 2020 Annual Report along with other Officers employed by Defendant;

g. Plaintiff was permitted to address any work concerns with Rhoades;

h. Plaintiff was required to obey all directives given by Defendant's Management;

i. Defendant's Management instructed Plaintiff on how she was to invoice her work;

j. Defendant had the ability to deny Plaintiff's access to material needed to complete her job assignments;

k. Plaintiff was required to represent and hold herself out as an employee of Defendant when speaking to staff, business associates, government agencies, and/or other organizations;

l. Plaintiff was required to attend meetings and/or telephone conference calls when scheduled by Defendant's Management;

m. Plaintiff's work performance was reviewed and critiqued by Defendant's Management;

n. Plaintiff was consistently supervised by Defendant's management and directed in her job duties on a day-to-day basis;

o. Defendant's Management had the ability to change Plaintiff's employment status, job duties, and hours based on performance (or other reasons); and

p. A former board member of Defendant, Derron LaBrake (hereinafter "LaBrake"), specifically informed Defendant's Management that based on his observations, Plaintiff was operating as an employee, not an independent contractor and

expressed concerns regarding Defendant's misclassification of Plaintiff. A brief excerpt from LaBrake's resignation letter states as follows:

> At about that time DCVA began using Ms. Miller more in the manner that an employer would use an employee, e.g., directing her day-to-day activities. At a Board of Directors meeting (I do not recall the exact date), I voiced my concerns regarding the changes in the way DCVA was using Ms. Miller. At that meeting I recall pointing out the jeopardy associated with DCVA directing Sue Miller's activities as an employer even though she was purported to be an independent contractor, and that continuing that behavior to avoid paying taxes and other expenses, was ill-advised. I further stated that DCVA should hire Ms. Miller as an employee. My concerns were dismissed at that time and at least two more times when I brought up the same concerns at an Executive Committee Meeting. My opinion/position has not changed, nor had the position of the other Board Members. I still disagree with the majority Board's decision that Ms Miller is an "independent subcontractor" when DCVA continues to direct most of her daily activities over the past 3+ years.

17. Based on the foregoing and for other reasons, Plaintiff asserts that she was an employee of Defendant and therefore was deprived of benefits to which an employee would normally be entitled, including but not limited to having income reported to Social Security for retirement and benefits, health benefits, and deprivation of her own work earnings (including overtime compensation – discussed *infra*).

**<u>Defendant's Overtime Violations</u>**

18. Because Plaintiff was misclassified as an independent contractor, she was paid varying lump sums two times per month at a rate of $25.00 per hour.

19. During the course of Plaintiff's employment with Defendant, she was at all times a non-exempt employee who should have been entitled to overtime wages (at a rate of time and one half her regular hourly rate).

20. While Plaintiff was hired as a part-time employee in 2017, she began working more than 40 hours a week beginning in or about 2018.

21. At times, particularly in 2019, Plaintiff was working up to 60-70 hours per week.

22. At no point in time was Plaintiff ever paid overtime compensation under federal or Pennsylvania state law (as required for non-exempt employees).

23. At no point in time during her employment with Defendant did Plaintiff qualify as an exempt employee under the Executive, Professional or Administrative exemptions provided for under the FLSA or Pennsylvania Minimum Wage Act.

24. For example, one element required to fall under any of the above three exemptions, Plaintiff must have been compensated on a salary basis – which she was not, as Plaintiff's pay varied every week.

25. Furthermore, Defendant never designated Plaintiff as an employee who fell under any exemption provided for by the FLSA or the Pennsylvania Minimum Wage Act, as Defendant consistently misclassified her as an independent contractor from the inception of her employment until her separation in May of 2021.

26. All of Defendant's actions as aforesaid are without question willful, intentional and in blatant disregard for state and federal laws.

27. Plaintiff is therefore owed back pay and liquidated damages for Defendant's willful failure to abide by federal and state overtime obligations.[1]

**Count I**
**<u>Violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201 *et. seq.*)</u>**
**(Overtime Violations)**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. At all times relevant herein, Defendant, has and continues to be, an "employer" within the meaning of the FLSA.

30. The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works in excess of 40 hours in a workweek.

31. At all times during her employment with Defendant, Plaintiff was misclassified as an independent contract, when in reality Plaintiff was a non-exempt "employee" within the meaning of the FLSA.

---

[1] *See, e.g.*, *Solis v. Min Fang Yang,* 345 Fed. Appx. 35, 38 (6th Cir. 2009) (affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory"); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014) (affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "[d]ouble damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden"); *Haro v. City of Los Angeles*, 745 F.3d 1249, 1259 (9th Cir. 2014) (affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008) (affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 35 (1st Cir. 2007) (affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 WL 864220, at *6 (4th Cir. 2000) (affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999)(reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Indus. Molding Corp*., 167 F.3d 921, 929 (5th Cir. 1999) (affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

32. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA and instead intentionally misclassified her to avoid federal and state wage and hour obligations (and tax obligations).

33. Between 2018 and 2021, Plaintiff often times worked well over 40 hours per week while employed with Defendant; however, Defendant failed to pay Plaintiff proper overtime compensation for all hours that she worked over 40 hours in one week.

34. As a result of Defendant's failure to pay Plaintiff the overtime compensation due to her, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

35. Plaintiff is owed substantial monies in unpaid overtime compensation by Defendant and these actions as aforesaid constitute willful violations of the FLSA.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Overtime Violations)**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Defendant's failure to pay overtime compensation in the aforesaid manners also constitutes willful violations of the PMWA.

**Count III**
**Violations of Pennsylvania Common Law**
**(Fraud – Misrepresentation)**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Defendant willfully and fraudulently misclassified and represented to Plaintiff that she was an independent contractor who was not entitled to non-exempt wages under the

PMWA and FLSA, when in fact Plaintiff was a non-exempt employee entitled to such wages under the PMWA and FLSA.

40. Defendant willfully and fraudulently misclassified Plaintiff's earnings as non-employee income for the purpose of avoiding taxes.

41. Plaintiff relied to her detriment on Defendant's representation that she was an independent contractor who was not entitled to overtime wages under the PMWA and FLSA.

42. As a result of her reliance on Defendant's fraudulent representation that she was an independent contractor who was not entitled to employee wages under state or federal law, Plaintiff suffered harm in the form of the following damages:

a. Defendant did not withhold any taxes on Plaintiff's behalf;

b. Because Defendant incorrectly classified Plaintiff as an independent contractor, Plaintiff was subjected to greater tax liability, paying both her and Defendant's share of FICA, FUTA, and other taxes;

c. As a direct result of Defendant having incorrectly classified Plaintiff as an independent contractor, Defendant made no unemployment tax payments on Plaintiff's wages;

d. As a direct result of Defendant having misclassified Plaintiff as a 1099 independent contractor, Defendant made no social security contributions on Plaintiff's behalf. Consequently, Plaintiff's retirement eligibility is less than it would be had Defendant not fraudulently misclassified her as a 1099 independent contractor instead of a non-exempt employee; and

e. As a result of Defendant's misclassification of Plaintiff as a 1099 independent contractor, Plaintiff was not entitled to receive any other benefits

through Defendant, including but not limited health benefits, 401k benefits, overtime compensation, or other employee benefits.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded punitive and liquidated damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: ______________________________

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Date: May 24, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Susan Miller | : | CIVIL ACTION |
| v. | : | |
| Darby Creek Valley Association | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 5/24/2021 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 305 Cornado Avenue, Long Beach, CA 90814

Address of Defendant: PO Box 732, Drexel Hill, PA 19026

Place of Accident, Incident or Transaction: Defendant's place of business

***RELATED CASE, IF ANY:***

Case Number: ____________ Judge: ____________ Date Terminated: ____________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/24/2021 ____________ *Attorney-at-Law / Pro Se Plaintiff* ARK2484 / 91538 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☒ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ____________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ____________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ____________

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 5/24/2021 ____________ *Attorney-at-Law / Pro Se Plaintiff* ARK2484 / 91538 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MILLER, SUSAN

**(b)** County of Residence of First Listed Plaintiff: Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

DARBY CREEK VALLEY ASSOCIATION

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- X 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA, PA Minimum Wage Act and other applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 5/24/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Print | Save As... | Reset