## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") made this 29th day of November, 2021 is by and between Plaintiff Susan Miller and Darby Creek Valley Association (hereinafter "Defendant"). Together, Miller and Defendant are referred to as the "Parties."

### BACKGROUND

- Miller filed a Complaint in the U.S. District Court for the Eastern District of Pennsylvania, Civil Action No. 2:21-cv-02362-HB, alleging that Defendant misclassified her as an employee and unlawfully failed to fully compensate her for overtime hours worked, in violation of the Fair Labor Standards Act (FLSA) and the Pennsylvania Minimum Wage Act (PMWA). The Complaint further alleged fraud. The allegations in the Complaint shall be known as the "Civil Action."

- Defendant denies that it violated the FLSA or PMWA, denies and all other liabilities, and asserts a *bona fide*, good faith dispute and affirmative defenses to the claims;

- Miller and Defendant now desire to reach a full and final settlement of the Civil Action, to avoid the expense and inconvenience of further proceedings, and to put to rest all controversies or claims which have been, which might have been, or which might be asserted by Miller against Defendant up to the date of this Agreement, they have agreed to settle all claims between them on the terms hereinafter set forth;

**NOW THEREFORE**, in consideration of the mutual promises contained herein and intending to be legally bound, Miller and Defendant **AGREE** as follows:

1. <u>Settlement Payment</u>. In consideration of the covenants and promises herein by Miller, Defendant agrees to pay the total sum of $30,000 (the "Settlement Payment"). The payment shall be made in the following disbursements:

   a. The payment of $17,103.30 by check payable to Susan Miller, which will be reported on a Form 1099-MISC (with Box 3 marked) issued to Miller for tax purposes. Miller agrees that Defendant will not be responsible or liable for any taxes associated with the Settlement Payment made to her, except for amounts withheld on check one. Miller acknowledges that Defendant makes no representations or warranties with respect to the tax consequences of the Settlement Payment. Similarly, Miller expressly acknowledges that she has not relied upon any advice from Defendant regarding the Settlement Payment's taxability, whether pursuant to federal, state, or local tax statutes or regulations, or otherwise. Further, Miller agrees to indemnify, defend, and hold Defendant harmless from any claims, deficiencies, penalties, assessments, judgments, or recoveries by any agency against either Defendant for any amounts claimed due on account of Miller's nonpayment of local, state, or federal taxes, or any other tax obligations arising from the Settlement Payment and Defendant

1

        agrees to notify Miller's counsel, in writing, within 15 days of notice from any taxing authority of a tax issue; and

    b. The payment of $12,896.70 by check payable to Karpf, Karpf, and Cerutti, P.C., in full settlement of Miller's claims for attorneys' fees and costs, provided the firm submits a form W-9 to counsel for Defendant.

All payments will be made within 30 days of Defendant's counsel receiving an executed copy of this Agreement. Payments will be mailed to Karpf, Karpf & Cerutti, P.C. 3331 Street Road Two Greenwood Square, Suite 128 Bensalem, Pennsylvania 19020.

    2. <u>Consideration.</u> Miller agrees that (a) the consideration and payments made to her by the Defendant represent the sole and exclusive payments and undertakings to be provided to her; (b) said payments include any and all outstanding and accrued compensation, wages, and benefits that may be due and owing to her by Defendant and any Releasee, defined below; (c) that the Defendant and the Releasees have no further obligation to provide Miller with any compensation of any sort, or any non-monetary or monetary benefits in addition to that which is set forth above. Through her signature below, Miller acknowledges that, as of the date of her signature, she has received all compensation and wages owed to her under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Law, and the Pennsylvania Wage Payment & Collection Law by Defendant and the Releasees, other than those amounts at issue in this Civil Action .

    3. <u>Settlement and Release of Claims</u>. Miller, for and in consideration of the commitments of Defendant as set forth in this Agreement, and intending to be legally bound, do hereby REMISE, RELEASE AND FOREVER DISCHARGE Defendant and its affiliates, officers, agents, board members, attorneys, successors and assigns (collectively, "Releasees") of and from any and all manner of waivable actions and causes of action, suits, debts, liabilities, losses, damages, claims and demands whatsoever that she had, has or may have against any of the Releasees, whether sounding in contract, any form of tort or otherwise; whether at law or in equity; whether known or unknown; from prior to the commencement of Miller's employment with any of the Releasees to the date of this Agreement. The releases herein include, but are not limited to, any waivable claims that were asserted or could have been asserted up to the date of this Agreement and/or that could be asserted in the future under any federal, state or local laws, regulations, orders or ordinances including but not limited to:

- Title VII of the Civil Rights Act of 1964, as amended;
- Executive Order 11246;
- the Rehabilitation Act of 1973;
- the Americans with Disabilities Act of 1990 (ADA);
- Age Discrimination in Employment Act (ADEA);
- the Employee Retirement Income Security Act (ERISA) (except as to claims for vested benefits);
- the Family Medical Leave Act;
- the Pennsylvania Human Relations Act;
- any state or local laws similar to the above;

**Error! Unknown document property name.**

- any unjust or wrongful termination theory;
- any claim for breach of contract, fraud or material misrepresentation;
- any negligent retention, hiring, or supervision theory;
- any right or claim based on an alleged privacy violation;
- any claims for defamation or slander; or other employment tort or common law claims now or hereafter recognized and any derivative claim Miller may have arising there under, and all claims for counsel fees and costs.

4. .Non-Disclosure of Confidential Information.  Miller recognizes and acknowledges that while employed by Defendant, its affiliates or subsidiaries, she had access to certain confidential and proprietary business information and trade secrets and confidential information of the Defendant, its affiliates or subsidiaries.  Miller agrees not to use or cause to be used for her own benefit or for the benefit of any third parties, or to disclose to any third party, any information of a confidential or proprietary nature or any other knowledge or information relating to Defendant's operations or those of its affiliates or subsidiaries, except that which is public knowledge or as required by law.

5. Confidentiality of Agreement. The Parties and their counsel agree not to disclose the terms of this Agreement to the press or media. Either Party and their counsel may disclose information: (a) when mandated by state or federal law, including but not limited to the DOL and/or any other federal, state or local agency; (b) as necessary by any Party to their respective attorneys, accountants, and auditors; (c) for purposes of disclosure on tax documents; (d) as necessary by either Party and their counsel for the enforcement of this Agreement or (e) upon inquiry, if asked about the dispute between the Parties or the resolution of this dispute, the Parties may respond that the Parties were able to resolve all issues to their mutual satisfaction on terms set forth in the Settlement Agreement filed in the lawsuit, which is a matter of public record.

6. Acknowledgment.  The Parties further agree that if either attempt to avoid or set aside the terms of this general release, and if the other party successfully asserts this general release as a defense or bar to any claim asserted by the other, the losing party shall be liable for the costs and attorney's fees of the prevailing party in defending such claims or asserting such defense based on this general release.

7. Non-Disparagement.  Miller agrees that she will not commercially disparage the name, reputation or business practices of the Defendant or any Releasee. Defendant agrees that its current board and employee will not commercially disparage the name, reputation, or business practices of Miller.

8. Neutral Reference. Miller agrees to refer all requests for professional reference to Jaclyn Rhoads, President of Defendant's board. Upon receipt of any such referrals, Rhoads will confirm that Miller performed work for the organization as a director from January 31, 2017, until May 5, 2021.

9. Breach.  Miller agrees and recognizes that should she breach any of the obligations or covenants set forth in this Agreement, the Defendant will have no obligation to provide her with the settlement payments set forth herein.

3

10. <u>No Admission of Liability</u>.  By making this Agreement, Defendant and the Releasees do not directly, indirectly or by implication admit any violation of any law, statute, regulation or ordinance, violation of policy, or wrongdoing.

11. <u>No Impact on Unemployment Claims</u>.  This Agreement shall have no effect on Miller's pursuit of unemployment benefits. Likewise, this Agreement shall have no effect on any appeal by Defendant of a Commonwealth administrative ruling that Miller was an employee of Defendant. The parties agree that they will not use the Civil Action, this Agreement, or the fact of settlement as evidence with respect to any administrative dispute over Miller's employment status with any state or federal agency.

12. <u>Governing Law</u>.  This agreement shall be performed, interpreted and enforced according the laws of the Commonwealth of Pennsylvania without regard to conflicts of law principles.  Any action arising out of or relating to any of the provisions of this agreement may be brought and prosecuted only in the courts of or located in Pennsylvania.

13. <u>Entire Agreement</u>.  This Agreement expresses the entire Agreement between Miller and the Defendant with respect to the subject matter of this Agreement and supersedes all other agreements between the Parties with regard to the subject matter of this Agreement.  This Agreement may not be amended or terminated except by written agreement signed by each of the Parties.  No representations made prior to or contemporaneously with this Agreement shall have any binding effect.  Miller acknowledges that she has not relied upon any representation or statement, written or oral, not set forth in this document.

14. <u>Severability</u>.  If any part or term of this Agreement is later held to be illegal, unenforceable or ineffective, the validity of the remaining provisions shall not be affected and the other obligations will be enforced as if the Agreement did not contain the part or term held to be invalid.  If Miller challenges the validity of or attacks this Agreement in any court of competent jurisdiction, she agrees to first return to the Defendant all monies or other consideration received under this Agreement.

15. <u>Counterparts</u>.  This Agreement may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original.  Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

Intending to be legally bound hereby, Miller and the Defendant executed the foregoing Confidential Settlement Agreement and General Release as of the date set forth below:

Date: 11/30/2021

11.24.21

_____
Susan Miller

Date: _____

DARBY CREEK VALLEY ASSOCIATION

BY: _____
Jaclyn Rhoads

5

Error! Unknown document property name.